HEATHER E. WILLIAMS, Bar #122664
Federal Defender
PEGGY SASSO, CA Bar #228906
Assistant Federal Defender
Designated Counsel for Service
2300 Tulare Street, Suite 330
Fresno, California 93721-2226
Telephone: (559) 487-5561

Attorneys for Defendant
PATRICK ANTHONY FEASTER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:22-cr-00120 NODJ-BAM-1 |
| Plaintiff, | **STIPULATED MOTION AND ORDER TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)** |
| v. | |
| PATRICK ANTHONY FEASTER, | RETROACTIVE CRIMINAL HISTORY REDUCTION CASE |
| Defendant. | Judge: Unassigned |

Defendant, PATRICK ANTHONY FEASTER, by and through his attorney, Assistant

Federal Defender Peggy Sasso, and plaintiff, UNITED STATES OF AMERICA, by and through

its counsel, Assistant U.S. Attorney Shelley D. Weger, hereby stipulate as follows:

1.      Pursuant to 18 U.S.C. § 3582(c)(2), this Court may reduce the term of

imprisonment in the case of a defendant who has been sentenced to a term of imprisonment

based on a sentencing range that has subsequently been lowered by the Sentencing Commission

pursuant to 28 U.S.C. § 994(o), after taking into account the policy statements set forth in USSG

§ 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are

applicable;

2.      The United States Sentencing Commission recently amended the Sentencing

Guidelines to limit the overall criminal history impact of "status points" by assigning zero status

points for offenders with six or fewer criminal history points, and one status point for offenders

with seven or more criminal history points ("status-point provision").  *See* Amendment 821, Part A; *compare* USSG § 4A1.1(d) (2022), *with* USSG § 4A1.1(e) (Nov. 1, 2023).  The United States Sentencing Commission made the status-point provision retroactive beginning February 1, 2024.  *See* USSG § 1B1.10(e)(2) (Nov. 1, 2023); 88 Fed. Reg. 60534;

3.      Mr. Feaster's total offense level was 17.  He received 5 criminal history points based on his past criminal convictions and 2 criminal history points pursuant to former USSG § 4A1.1(d) for a total criminal history score of 7, which placed Mr. Feaster in criminal history category IV with a recommended guideline range of 37 to 46 months;

4.      On May 30, 2023, this Court sentenced Mr. Feaster to a term of 41 months imprisonment;

5.      The sentencing range applicable to Mr. Feaster was subsequently lowered by the status-point provision, which reduces his criminal history score to 5, lowering his criminal history category from IV to III, resulting in an amended advisory guideline range of 30 to 37 months;

6.      Because Mr. Feaster is eligible for a reduction in sentence, the parties request the Court enter the order lodged herewith reducing Mr. Feaster's term of imprisonment to 33 months, effective 10 days from the date of the amended judgment.  If the amount of time served as of the effective date of the Court's Order exceeds 33 months, the sentence is instead reduced to a sentence of time-served effective 10 days from the date of the amended judgment.[1]

7.      <u>United States' statement regarding its stipulation</u>:[2]

The United States enters into this stipulation after reviewing the Presentence Investigation Report ("PSR"), ECF No. 55; government's sentencing memo, ECF No. 56; Statement of Reasons ("SOR"); Judgment, ECF No. 62; and defendant's Bureau of Prisons ("BOP") disciplinary history; and after consulting with the prosecuting Assistant United States Attorneys.

The defendant pleaded guilty, pursuant to a written plea agreement, to Felon in

---

[1] This 10-day period is requested by the Bureau of Prisons to perform its statutory duties and release planning.

[2] This statement is not part of the parties' stipulation.

Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1).  At sentencing, the government recommended that the court impose a sentence of 41 months in prison, a sentence that was in the middle of the applicable guideline range, based, in sum, on the nature of defendant's conduct and criminal history and his gang affiliation.  *See* ECF No. 56; PSR ¶¶ 3–14, 34–36.  Probation recommended a sentence at the high end of the Guidelines range:  46 months.  ECF No 56 at 1 n. 1.

According to BOP records, as of March 18, 2024, the defendant has no sustained disciplinary incidents during his time in custody.  The defendant is currently located at Herlong FCI with a projected release date of March 11, 2025.

Respectfully submitted,

Dated:  March 22, 2024

PHILLIP A. TALBERT
United States Attorney

 /s/ *Shelley D. Weger*
SHELLEY D. WEGER
Assistant U.S. Attorney
Attorney for Plaintiff
UNITED STATES OF AMERICA

Dated:  March 22, 2024

HEATHER E. WILLIAMS
Federal Defender

 /s/ *Peggy Sasso*
PEGGY SASSO
Assistant Federal Defender
Attorney for Defendant
PATRICK ANTHONY FEASTER

**ORDER**

This matter came before the Court on the stipulated motion of the parties for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).

The parties agree, and the Court finds, that Mr. Feaster is entitled to the benefit of Amendment 821, Part A, the new status point provision, codified at USSG § 4A1.1(e), which reduces his criminal history category from IV to III, resulting in an amended guideline range of 30 to 37 months.

IT IS HEREBY ORDERED that, pursuant to USSG § 1B1.10(b), the term of imprisonment imposed in 2023 is reduced to a term of 33 months, effective 10 days from the date of the amended judgment.  If the amount of time served as of the effective date of the Court's Order exceeds 33 months, the sentence is instead reduced to a sentence of time-served effective 10 days from the date of the amended judgment.

IT IS FURTHER ORDERED that all other terms and provisions of the original judgment remain in effect.  The clerk shall forthwith prepare an amended judgment reflecting the above reduction in sentence and shall serve certified copies of the amended judgment on the United States Bureau of Prisons and the United States Probation Office.

Unless otherwise ordered, Mr. Feaster shall report to the United States Probation Office within seventy-two hours after his release.

DATED:  April 3, 2024.


_____
CHIEF UNITED STATES DISTRICT JUDGE